THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* HÉCTOR MORALES SOLER ET AL., Defendants and Appellants.

No. CR-66-316.     Decided May 3, 1967.

*Santos P. Amadeo, Edna Abruña Rodríguez, E. Armstrong de Watlington,* and *Enrique Miranda Merced* for appellants. *J. B. Fernández Badillo, Solicitor General,* and *Irene Curbelo, Assistant Solicitor General,* for The People.

PER CURIAM: Appellants were accused, together with Antonio Pérez Batista, of a violation of § 29 of the Narcotics Act, consisting in that on February 7, 1964, acting in concert and by mutual agreement, they had in their possession and control the narcotic drug known as heroin.

A jury found them guilty of said offense and after the pronouncement of sentence they appealed before this Court.

Rafael Delgado Reyes moves for the reversal of the judgment because the trial court erred in considering that his guilt had been proved beyond a reasonable doubt.

The other appellant, Héctor Morales Soler, assigns the commission of the following errors: (1) the "evidence adduced against defendants-appellants was inadmissible because it was the result of a wrongful search," (2) "defendants were deprived of the right to an impartial trial as a result of the statements of the prosecuting attorney in the sense that defendants had to be convicted to protect the youth of Labra School and the parents, etc."

■ None of the errors was committed. The evidence for the prosecution justified, beyond a reasonable doubt, the conclusion of the jury in the sense that appellant Rafael Delgado Reyes had in his possession and control the narcotic drug known as heroin on the date and place established by the evidence.

For the purpose of investigating a complaint filed, four agents, among them Gerardo Mendoza Pérez, who had taken a special training on drugs and who had participated in over a hundred cases concerning drugs, went for a round and when they arrived at Matías Photo parking place, they left the car and walked toward Ponce de León Avenue. Just then defendant Delgado Reyes passed by running toward Labra School. The agents hid themselves in an establishment situated north of Ponce de León Avenue. Delgado Reyes arrived where the other codefendant Héctor Morales Soler was. The latter drew out from the left-hand front pocket of his trousers a Manila envelope and gave Delgado Reyes one deck of alleged heroin. Delgado Reyes opened the deck, tasted it with the tongue, making an affirmative gesture with his head to Pérez Batista and then gave it back to Héctor Morales Soler, who took out a deck of heroin from the Ma-

nila envelope and gave it to Antonio Pérez Batista, after the latter gave Morales Soler some American currency in paper bills. When the agents arrived at the place Morales Soler "walked towards the interior of the school and threw the envelope toward the steel-frame building under construction, over a zinc fence which separates the school from the building." The agents arrested the three of them, that is Delgado Reyes, Morales Soler and Pérez Batista. A bottle cap was seized in Delgado Reyes' mouth. Because at that time many students gathered around, the three defendants were able to escape, although they caught and arrested Pérez Batista. An agent searched fruitlessly for the Manila envelope thrown over the fence by defendant Morales, but agent Gerardo Mendoza Pérez was able to find it and together with the bottle cap he delivered it to chemist Ramón Chinea.

Of the eleven decks contained in the Manila envelope, nine of them proved positive of heroin. The bottle cap contained one of the derivatives of opium, but it could not be determined which derivative because the amount was too small for analysis.

The defense presented Juan Algarín Viera, codefendant Héctor Morales Soler's neighbor, as the only witness. The former testified that on the day the facts occurred he was in front of Labra School buying a *piragua* when he saw that an agent approached Morales Soler, applied the handcuffs, searched him and then took off the handcuffs and told him that he could go; that he saw codefendant Delgado Reyes cross the street with the handcuffs on and "walked down Labra Street"; that he was not running, that as there were cars in the street he walked "among the cars."

We are not impressed by Delgado Reyes' argument to the effect that since two of the eleven decks examined by the chemist proved negative of heroin there was a possibility that the deck he had in his hands was not heroin.

On questioning by the judge, agent Mendoza Pérez testified that addicts and drug dealers taste the deck with their tongue to find out if it is heroin. Delgado Reyes' affirmative gesture to Pérez Batista after tasting the deck indicated that said deck was heroin.

██ Appellants' arrest was not unlawful. The agents had reasonable grounds to believe that appellants had committed a *felony* and that they had committed said felony in their presence. Rule 11 of the Rules of Criminal Procedure. On the other hand, and furthermore, the constitutional guarantee against wrongful searches and seizures does not cover the seizure of an evidence, as it occurred in this case with the Manila envelope, which is abandoned or thrown away by a person. *People* v. *González*, 83 P.R.R. 432 (1961); *People* v. *Del Valle*, 83 P.R.R. 439 (1961); *People* v. *Colón Colón*, 88 P.R.R. 182 (1963); *People* v. *Saura Gómez*, 90 P.R.R. 780 (1964).

The judgments appealed from will be affirmed.

Mr. Justice Rigau did not participate herein.